IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMANDA EVANS, Personal Representative of the
Estate of Gary L. Evans,

        Plaintiff,

                                    CV. 05-457-AS

v.

                                    FINDINGS AND
                                  RECOMMENDATION

MATTEL, INC., a Delaware corporation; MATTEL
OPERATIONS, INC.,a Delaware Corporation; THE
SAWYER COMPANY, a Delaware corporation;
SAWYER'S INC., an Oregon corporation; GENERAL
ANILINE & FILM CORPORATION, a Delaware
corporation; GAF CORPORATION, a Delaware
corporation; G-1 HOLDINGS, INC., a Delaware
corporation; VIEW-MASTER INTERNATIONAL
GROUP, INC., a Delaware corporation; VIEW-
MASTER IDEAL GROUP, INC., a Delaware
corporation; ARNOLD THALER, President of Thaler
View-Master Corporation; VIEW-MASTER EXPORT,
LTD., an Oregon corporation; VIEW-MASTER
MANUFACTURING, INC., an Oregon corporation;
TYCO MANUFACTURING, INC., an Oregon
corporation; TYCO TOYS, INC., a Delaware
corporation; TYCO, INC., a Delaware corporation;

FINDINGS AND RECOMMENDATION- 1

TYCO INDUSTRIES, INC., a Delaware corporation;
MATCHBOX COLLECTIBLES, INC., a Delaware
corporation,

                            Defendants.

_____

ASHMANSKAS, Magistrate Judge:

       Plaintiff filed this action for wrongful death on behalf of her deceased father, Gary

Evans. Defendants Mattel, Inc., and Arnold Thaler have moved to dismiss plaintiff's complaint

on the grounds that the remedy provided by the workers' compensation statute is exclusive,

plaintiff has not alleged facts sufficient to meet the exception in ORS 656.019, and plaintiff's

action is untimely. Plaintiff argues that the action is proper under <u>Smothers v. Gresham

Transfer, Inc.</u>, 332 Or. 83, 23 P.3d 333 (2001), and asks the court to stay rather than dismiss the

action. Because plaintiff has failed to allege a final order of non-compensability, defendants'

motion to dismiss should be granted.

MOTION TO DISMISS STANDARD

       A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond a

reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief." <u>Gibson v. United States</u>, 781 F.2d 1334, 1347 (9th Cir. 1986), *cert. denied*,

479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact

are taken as true and viewed in the light most favorable to the non-moving party. <u>Cassettari v.

Nevada County, Cal.</u>, 824 F.2d 735, 737 (9th Cir. 1987).

FACTS

       In 1998, the industrial solvent trichloroethylene ("TCE"), classified by the U.S.

Environmental Protection Agency as a probable human carcinogen, was detected in the well

FINDINGS AND RECOMMENDATION- 2

water at the View-Master plant in Beaverton, Oregon. Defendants owned and/or operated the plant at all times material to this action.

Gary Evans was an employee of View-Master and worked at the Beaverton View-Master plant for over twenty years. During that time, he drank water supplied by the well, drank coffee made from water supplied by the well, and ate food that was prepared with water supplied by the well.

In November 2001, Evans was diagnosed with cholangiocarcinoma. Evans passed away February 20, 2002. Plaintiff, personal representative of Evans's estate, filed this action for wrongful death, alleging that Evans's exposure to TCE or other chemicals at the View-Master Plant was a cause of or significant contributing factor to Evans's cancer and/or some of his other health problems.

## DISCUSSION

ORS 656.018 provides that Oregon's workers' compensation statutes constitute the exclusive remedy for work-related injuries:

> (1)(a) The liability of every employer who satisfies the duty required by ORS 656.017 (1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter.
>
> . . .
>
> (2) The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries, diseases, symptom

FINDINGS AND RECOMMENDATION- 3

complexes or similar conditions arising out of and in the course of employment are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the worker's employer under ORS 654.305 to 654.336 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition.

. . . .

In Smothers v. Gresham Transfer, Inc., 332 Or. 83, 23 P.3d 333 (2001), the Oregon Supreme Court considered whether the exclusive remedy provisions of ORS 656.018 violate the remedy clause in Article I, section 10, of the Oregon Constitution. Id. at 125, 23 P3d at 357. The court's review was limited to the effect of the exclusive remedy provisions on the category of workers who have suffered a work-related injury but receive no compensation benefits because they cannot prove that the work-related incident was the major contributing cause of their injury or disease. Id. See also ORS 656.802(2)(a) (occupational disease is compensable only if the worker is able to prove that "employment conditions were the major contributing cause of the disease.") The court held that "if a workers' compensation claim alleging an injury to a right that is protected by the remedy clause is denied for failure to prove that the work-related incident giving rise to the claim was the major contributing cause of the injury or condition for which the worker seeks compensation, then the exclusive remedy provisions of ORS 656.018 (1995) are unconstitutional under the remedy clause." Smothers, 332 Or. at 86, 23 P.3d at 336.

Shortly after the Smothers decision, the Legislature enacted ORS 656.019, which in essence codifies the holding in Smothers and provides an exception to the exclusive remedy provisions for those workers who have alleged a work-related injury but have been denied

compensation because they failed to establish that the work-related incident was the major

contributing cause of the alleged injury. ORS 656.019(1) explicitly provides that a plaintiff may

pursue a civil claim only after an order determining that the claim is not compensable has

become final:

> (1)(a) An injured worker may pursue a civil negligence action for a
> work-related injury that has been determined to be not
> compensable because the worker has failed to establish that a
> work-related incident was the major contributing cause of the
> worker's injury only after an order determining that the claim is not
> compensable has become final. The injured worker may appeal the
> compensability of the claim as provided in ORS 656.298, but may
> not pursue a civil negligence claim against the employer until the
> order affirming the denial has become final.

Plaintiff has alleged that Evans died as a result of his exposure to TCE at his place of

employment. As such, the remedy provided by Oregon's workers' compensation statutes is

exclusive unless plaintiff falls within the exception set out in ORS 656.019. Plaintiff has failed

to allege that a workers' compensation claim has been filed, that the claim was denied because

the worker has failed to establish that a work-related incident was the major contributing cause

of the worker's injury, or that the order of non-compensability has become final. Accordingly,

plaintiff's complaint fails to state a claim upon which relief can be granted.

In response to defendants' motion, plaintiff submitted an affidavit stating that a workers'

compensation claim has been filed by Evans's widow and plaintiff anticipates that the claim will

be denied on the grounds that the TCE exposure was not the major contributing cause of Evans's

disease. This does not change the court's ruling. Review of a FRCP 12(b)(6) motion to dismiss

is generally limited to the contents of the complaint, and the court may not consider other

documents outside the pleadings. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912,

925 (9th Cir. 2001).  Further, even if the court could consider the affidavit, plaintiff has still

failed to allege a final order of non-compensability.

Plaintiff states in her response that this civil action was filed to prevent the running of the

statute of limitations on the wrongful death claim, and asks the court to stay, rather than dismiss,

the action pending resolution of the workers' compensation proceeding.  Plaintiff relies upon

Leyva v. Certified Grocers of California, 593 F.2d 857 (9th Cir. 1979).  In Leyva,  plaintiffs filed

suit against their employer seeking unpaid overtime compensation under the collective

bargaining agreement and the Fair Labor Standards Act ("FLSA").  Id. at 859. Pursuant to

Section 3 of the United States Arbitration Act,[1] the district court granted defendant's motion to

stay both claims, relying on the arbitration provisions in the collective bargaining agreement.  Id.

On appeal, plaintiffs argued, *inter alia*, that FLSA claim should not have been referred to

arbitration because it is a statutory action independent of the collective bargaining agreement.  Id.

at 860. The Ninth Circuit agreed, and held that while the FLSA claim was not subject to

arbitration under the collective bargaining agreement, and the defendant was therefore not

entitled to a stay pursuant to Section 3 of the United States Arbitration Act, the district court

nevertheless had the authority pursuant to the court's inherent power to control its own docket

and provide for the prompt and efficient determination of cases pending before it to stay the

FLSA claim pending resolution of the arbitration.  Id. at 863.  The Ninth Circuit remanded the

case to the trial court to make a determination as to whether a stay pursuant to the court's

inherent power was justified.  Id. at 864.

---

[1]Section 3 of the United States Arbitration Act provides that suits raising issues referable to arbitration pursuant to a written arbitration agreement shall be stayed on application of one of the parties. 9 U.S.C. § 3.

Defendants argue, and this court agrees, that a stay is inappropriate where, as here, the complaint has failed to state a claim. Defendants point to the US Supreme Court opinion in Hallstrom v. Tillamook County, 493 U.S. 20 (1990). In Hallstrom, plaintiffs filed an action under the Resources Conservation and Recovery Act of 1976 ("RCRA") to enforce waste disposal regulations. Section 6972(b) of the RCRA requires that at least 60 days before commencing suit, plaintiffs must notify the alleged violator, the State, and the Environmental Protection Agency of their intent to sue. 42 U.S.C. §6972(b)(1). The plaintiffs in Hallstrom failed to file the 60-day notice until after the defendants moved for summary judgment and argued that plaintiffs' failure deprived the district court of jurisdiction. Hallstrom, 493 U.S. at 23-24. Plaintiffs asked the court to stay the action pending the 60-day notice period rather than dismiss the case altogether, arguing that a stay was the functional equivalent of a pre-suit notice period. Id. at 26. The Supreme Court disagreed, stating that,

> [w]hether or not a stay is in fact the functional equivalent of a precommencement delay, such an interpretation of § 6972(b) flatly contradicts the language of the statute. Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Reading § 6972(b)(1) in light of this Rule, a plaintiff may not file suit before fulfilling the 60-day notice requirement. Staying judicial action once the suit has been filed does not honor this prohibition.

Id.

The court also refused to treat the 60-day notice requirement as subject to equitable modification and cure, noting that the 60-day notice requirement was not a statute of limitations, but a jurisdictional prerequisite that was within the plaintiff's control:

> Unlike a statute of limitations, RCRA's 60-day notice provision is

FINDINGS AND RECOMMENDATION- 7

> not triggered by the violation giving rise to the action. Rather, petitioners have full control over the timing of their suit: they need
>
> only give notice to the appropriate parties and refrain from commencing their action for at least 60 days.

<u>Id.</u> at 27.

Under ORS 656.019, a final order of non-compensability is a mandatory pre-requisite for filing a civil claim arising out of a work-related injury. As with the 60-day notice requirement in <u>Hallstrom</u>, the final order requirement in ORS 656.019 is not triggered by the violation giving rise to the action, but by the plaintiff's act of filing and pursuing a worker's compensation claim. Because plaintiff has failed to allege a final order of non-compensability, the appropriate action is to dismiss the complaint. <u>See</u>, <u>e.g.</u>, <u>Hallstrom</u>, 493 U.S. 20. To do otherwise would directly contradict the plain language of ORS 656.019.

The court is not immune to pleas for fairness. In this case, however, the plain language of ORS 656.019 trumps plaintiff's fairness argument. Any revisions to the worker's compensation statutes are for the legislature, not the courts, to make.

Because the court finds that plaintiff has failed to state a claim upon which relief can be granted, it is unnecessary to address defendants' alternative argument that plaintiff's claim is untimely.

/ / / /

/ / / /


CONCLUSION


FINDINGS AND RECOMMENDATION- 8

For the foregoing reasons, defendants' Motion to Dismiss (No. 6) should be granted.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 29, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 14th day of June, 2005.

 /s/ Donald C. Ashmanskas
Honorable Donald C. Ashmanskas
U.S. Magistrate Judge